IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,               No. 2:06-cr-0035 MCE EFB P

      vs.

ERIC McDAVID,

      Movant.                 ORDER AND
                                      FINDINGS AND RECOMMENDATIONS

/

Movant, a federal prisoner proceeding through counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Currently pending before the court is movant's motion for entry of default judgment against respondent and respondent's motion for an extension of time to file an answer. For the reasons discussed below, the court grants respondent's request for an extension of time and recommends that movant's motion be denied.

**I. Background**

Movant filed a § 2255 motion on May 15, 2012. Dckt. No. 398. Since it appeared that movant may be entitled to the requested relief, the court order respondent to file an answer, motion, or other response by August 31, 2012. Dckt. No. 411. Respondent failed to file a response to movant's motion, and on September 19, 2012, movant filed a request for entry of

////

1

default judgment against respondent. Dckt. No. 413.[1]  Two days later, respondent filed a motion for an extension of time to file an answer to the movant's § 2255 motion.

## II. Movant's Motion for Default Judgment

In order to obtain a default judgment against a party, the Federal Rules of Civil Procedure first require that the party seeking the judgment ask the court clerk to enter the respondent's default under Federal Rule of Civil Procedure 55(a). *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). That rule provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Under Rule 55(a), the court must enter default against a party who has failed to plead or otherwise defend." It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980).

Two days after movant filed his initial request for entry of default, respondent filed a motion for an extension of time to file a response. *See* Dckt. Nos. 413, 414. Respondent attached to the request for an extension of time the declaration of Steven Lapham, counsel for respondent. Dckt. No. 413. Respondent's counsel explains that, although he now recalls receiving the court's order directing the government to respond, he failed to properly calendar the filing date and was not aware that he was required to file an answer by August 31, 2012. *Id*. at 3. It appears that respondent's failure to timely file a response to movant's § 2255 motion was inadvertent, and that after being served with movant's motion for default judgment, respondent promptly filed a motion for an extension of time. The undersigned finds that justice would not be served by entering respondent's default in these circumstances.

////

---

[1] Movant's initial request for entry of default was denied because movant failed to comply with the Court's Local Rules. Movant has subsequently filed a corrected request for entry of default asking the clerk to enter default. Dckt. No. 418.

**III. Respondent's Motion for an Extension of Time.**

Subsequent to the expiration of the deadline for filing a response, respondent requested an extension of time to file a response to movant's motion.  *See* Fed. R. Civ. P. 6(b).  Although respondent has not presented a compelling reason for failing to timely file a response, the undersigned finds that the interest of justice would be served by granting respondent's request.  Accordingly, respondent shall file a response on or before October 12, 2012.

**IV.  Conclusion**

For the reasons stated above, it is hereby ORDERED that respondent's extension of time, Dckt. No. 414, is granted.

Further, it is hereby RECOMMENDED that movant's motion for default judgment, Dckt. No. 418, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 9, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3